IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| LESLIE FLETCHER,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF HILDALE, UTAH, et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER TO CURE DEFICIENT COMPLAINT<br><br>Case No. 4:25-cv-00141-AMA-PK<br><br>District Judge Ann Marie McIff Allen<br><br>Magistrate Judge Paul Kohler |

This matter comes before the Court for screening of Plaintiff's Complaint under 28 U.S.C. § 1915 and DUCivR 3-2. For the reasons discussed below, the Court orders Plaintiff to file an amended complaint to cure deficiencies before further pursuing his claims.

I. BACKGROUND

Plaintiff brings this action for declaratory and injunctive relief to halt construction work taking place in Maxwell Canyon, located in Hildale, Utah. Plaintiff contends that Maxwell Canyon is historically, culturally, and hydrologically significant and that Defendants "have authorized, directed, or failed to prevent ground disturbance, trenching, grading, hydrological modification, cultural sit destruction, and agricultural damage."[1] Plaintiff, a direct decedent of the families who settled the area and adjacent land owner, brings claims under various environmental protection statues, the Administrative Procedures Act ("APA"), and the Declaratory Judgment Act.

---

[1] Docket No. 1 ¶ 1.

1

II. DISCUSSION

28 U.S.C. § 1915 governs all cases where a plaintiff is proceeding *in forma pauperis* ("IFP"). Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss a cause of action filed IFP at any time the court determines the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or if the litigant seeks monetary relief from a defendant who is immune from such a claim. Although § 1915(e)(2)(B) screening is not required before granting IFP status or ordering service on the defendant, the Tenth Circuit has encouraged district courts to screen IFP cases as soon as practical.[2]

Plaintiff's Complaint suffers from the following deficiencies:

A.  CLAIMS FOR WHICH THERE IS NO PRIVATE RIGHT OF ACTION

Plaintiff's first two claims are brought under the National Historic Preservation Act ("NHPA") and the National Environmental Policy Act ("NEPA"). "Neither NEPA nor NHPA provide a private right of action."[3] Instead, those claims are reviewed under the APA.[4] Similarly, Plaintiff's fifth cause of action under the Archaeological Resources Protection Act ("ARPA") contains no private right of action.[5] And Plaintiff's sixth cause of action, though less than clear, appears to assert a claim for violating the National Flood Insurance Act ("NFIA") and National

---

[2] *See Buchheit v. Green*, 705 F.3d 1157, 1160 (10th Cir. 2012) ("Though screening might be a good practice and more efficient, we find that nothing in this language *requires* an assigned magistrate judge to screen a case for merit or to make a recommendation for dismissal to the district court before granting IFP status.").

[3] *Dine Citizens Against Ruining Our Env't v. Bernhardt*, 923 F.3d 831, 839 (10th Cir. 2019) (internal quotation marks and citation omitted).

[4] *Id.*

[5] *Cheavens v. Pub. Serv. Corp. of Colo.*, 176 F. Supp. 3d 1088, 1094 (D. Colo. 2016); 16 U.S.C. § 470ee(d) (providing for criminal penalties); 16 U.S.C. § 470ff (permitting a "federal land manager" to assess civil penalties).

Flood Insurance Program ("NFIP") and its supporting regulations, which do not provide a private right of action.[6] Because Plaintiff's claims under these provisions do not provide for a private right of action, they should be removed as independent causes of actions. Plaintiff remains free to rely on these provisions to support a claim under the APA.

B.  CLAIMS THAT ARE INADEQUATELY PLEADED

Under Federal Rule of Civil Procedure 8, "[a] pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." As explained by the Tenth Circuit, compliance with Rule 8 requires that a pleading set forth the court's jurisdiction and identify "what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."[7] Plaintiff must provide "enough facts to state a claim to relief that is plausible on its face,"[8] which requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[9] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[10] These requirements are designed to provide the opposing party with fair notice of the claims against it

---

[6] *United States v. St. Bernard Parish*, 756 F.2d 1116, 1122–23 (5th Cir. 1985).

[7] *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

[8] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[9] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[10] *Id*. (quoting *Twombly*, 550 U.S. at 555, 557) (alteration in original).

and allow the Court to conclude that, if proven, the allegations show that Plaintiff is entitled to relief.[11]

Plaintiff's fourth cause of action asserts a claim under the Clean Water Act ("CWA"). The CWA generally prohibits a person from adding any pollutant to the waters of the United States from any point source without a permit.[12] Plaintiff avers that Maxwell Creek constitutes a water of the United States.[13] However, this is a conclusory allegation unsupported by facts and is therefore insufficient.[14] Moreover, there is nothing to suggest that Plaintiff has complied with the notice requirements necessary before bringing a citizen suit under the CWA.[15] Plaintiff must amend his Complaint to address these issues.

Plaintiff's seventh cause of action alleges public nuisance. Under Utah law,

> "Public nuisance" means unlawfully committing an act or omitting to perform a duty, which act or duty:
> (i) annoys, injures, or endangers the comfort, repose, health, or safety of three or more persons, regardless of the extent to which the annoyance, injury, or endangerment inflicted on the persons is unequal;
> (ii) offends public decency;
> (iii) unlawfully interferes with, obstructs, or tends to obstruct, or renders dangerous for passage, a lake, stream, canal, or basin, or a public park, square, street, or highway;
> (iv) is a nuisance as described in Section 78B-6-1107 . . . ; or
> (v) renders three or more persons insecure in life or the use of property, regardless of the extent to which the effect inflicted on the persons is unequal.[16]

---

[11] *See Monument Builders of Greater Kan. City, Inc. v. Am. Cemetery Ass'n of Kan.*, 891 F.2d 1473, 1480 (10th Cir. 1989); s*ee also Nasious*, 492 F.3d 1163 (a plain statement under rule 8 provides a Defendant with "sufficient notice to begin preparing its defense and the court sufficient clarity to adjudicate the merits").

[12] *See* 33 U.S.C. § 1311(a).

[13] Docket No. 1 ¶ 136.

[14] *Iqbal*, 556 U.S. at 678.

[15] 33 U.S.C. § 1365(b)(1)(A); *see also Karr v. Hefner*, 475 F.3d 1192, 1200 (10th Cir. 2007) (concluding that compliance with the CWA's notice requirement is jurisdictional).

[16] Utah Code Ann. § 76-9-1301(3)(a).

The nature of Plaintiff's public nuisance claims is unclear. Plaintiff alleges that Defendants have unreasonably interfered with cultural resources; hydrologic systems; canyon stability; and aesthetic, environmental, and historical interests.[17] But these alleged harms do not appear within the definition of public nuisance, at least without further factual development. Therefore, amendment is required for this claim.

C.   CLAIMS AGAINST POLITICAL SUBDIVISIONS

In addition to federal agencies and the city of Hilldale, Plaintiff asserts claims against two city departments, the Utilities Department and the Public Works Department. "The law of the state in which the district court sits governs the capacity of a governmental entity to sue or to be sued."[18] In Utah, municipalities—such as the city of Hildale—may sue or be sued,[19] but there is no statutory authority permitting lawsuits against municipal subdivisions such as the ones named here. As a result, Plaintiff should remove any claims against the Hildale Utilities and Public Works Departments.

D.   DEFENDANTS NAMED IN CAPTION ONLY

In the caption of his Complaint, Plaintiff names certain state and federal officials in their official capacities, but the body of his Complaint contains no substantive factual allegations against them. Any amended complaint should clarify the allegations and claims as they relate to these individual Defendants.

---

[17] Docket No. 1 ¶ 151.

[18] *White v. Utah*, 5 F. App'x 852, 853 (10th Cir. 2001) (citing Fed. R. Civ. P. 17(b)).

[19] Utah Code Ann. § 10-1-202.

E.  CLAIMS THAT ARE NOT SEPARATE CAUSES OF ACTION

Finally, Plaintiff asserts separate causes of action for declaratory and injunctive relief. "[T]he Declaratory Judgment Act does not provide an independent federal cause of action."[20] Similarly, a request for injunctive relief is a remedy, not an independent claim.[21] Thus, while Plaintiff may request declaratory and injunctive relief in his prayer for relief, as he has done, there is no need for such requested relief to be included as stand-alone claims. As such, Plaintiff's amended complaint should remove these claims as independent causes of action, recognizing that Plaintiff may continue to seek the same relief.

### III.  CONCLUSION

It is therefore

ORDERED that by February 27, 2026, Plaintiff must cure the Complaint's deficiencies noted above by filing a single document entitled, "Amended Complaint," that does not refer to or include any other document. The Amended Complaint MAY NOT include claims outside or beyond what was already contained in the complaint originally filed here. If an amended complaint is filed, the Court will screen it for dismissal or an order effecting service upon valid defendants. If Plaintiff fails to timely cure the above deficiencies according to this Order's instructions, this action may be dismissed without further notice. It is further

ORDERED that Plaintiff's Motion for Leave to Proceed in Forma Pauperis (Docket No. 2) is again temporarily GRANTED. It is further

ORDERED that the filing restrictions in the Court's prior Order (Docket No. 9) remain in place.

---

[20] *Nero v. Oklahoma*, No. 22-6121, 2022 WL 14423872, at *2 (10th Cir. Oct. 25, 2022).

[21] *Romstad v. City of Colo. Springs*, 650 F. App'x 576, 585 n.7 (10th Cir. 2016).

Signed February 4, 2026.

_____
PAUL KOHLER
United States Magistrate Judge